UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN JERMAINE RODGERS, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 17-cv-0870 (SRN/SER) <br><br><br> REPORT AND RECOMMENDATION |

Kevin Jermaine Rodgers filed a Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 challenging the legality of his detention. ECF No. 1. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] For the reasons discussed below, it is recommended that this case be dismissed because Rodgers's current claims for relief cannot be brought in a § 2241 habeas corpus petition.

Rodgers was indicted for federal drug crimes in 2008 and found guilty by a jury in the Western District of Michigan. See Rodgers v. U.S., 2013 WL 3381351, *1 (W.D. Mich. 2013). According to his petition, Rodgers was sentenced to 20 years in prison on March 26, 2010. ECF No. 1 at 1. The Sixth Circuit Court of Appeals affirmed his conviction and sentence. U.S. v. Rodgers, 463 Fed.Appx. 556 (6th Cir. Feb. 28, 2012) (unpublished). Rodgers then moved to

---

[1] The Rules Governing Section 2254 Cases may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, 2002 WL 31045849 at *2 (D.Minn. 2002).

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the sentencing court and the motion was denied. Rodgers v. U.S., 2013 WL 3381351, *1 (W.D. Mich. 2013). The Court denied a Certificate of Appealability on all his claims. *Id*. at *4. Rodgers is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. ECF No. 1 at 14. He is once again challenging the sentence that was imposed in his case. ECF No. 1 at 1-2. Rodgers's petition, however, is barred by § 2255's exclusive remedy rule unless the savings clause applies to his case.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). If a federal prisoner brings his claim in the court of incarceration under § 2241, the Court cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004); see also 28 U.S.C. § 2255(e) (a habeas petition from a federal prisoner "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). The court of incarceration has subject matter jurisdiction only if the remedies in the sentencing district are inadequate or ineffective. Hill, 349 F.3d at 1091. The "inadequate or ineffective" language in 2255(e) is sometimes called the "savings clause," Abdullah, 392 F.3d at 959, because it can save a § 2241 habeas petition from being dismissed. The prisoner has the burden of establishing that § 2255 is inadequate or ineffective. Hill, 349 F.3d at 1091.

Rodgers has not provided any basis for why the savings clause applies to his case. Rodgers might believe that he is exempt from § 2255's exclusive remedy rule under the savings clause because he is not eligible for relief under § 2255 due to the procedural restrictions that apply to § 2255 motions. The savings clause, however, provides a very "limited grant of jurisdiction." Williams v. Warden, 713 F.3d 1332, 1340 (11th Cir. 2013). To establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." Abdullah, 392 F.3d at 959 (citing Hill). Moreover, "§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred." Abdullah, 392 F.3d at 959. Additionally, and of particular consequence for Rodgers, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in the § 2255 motion filed in the sentencing district." Hill, 349 F.3d at 1092 (8th Cir. 2003) (citing U.S. v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000)). Cases from other circuits have used varying tests indicating that a petitioner must show "at a bare minimum, that [his or] her claims are based on a retroactively applicable Supreme Court decision that has announced a new rule of law, one that was not available at the time of trial, direct appeal, or a first § 2255 motion." Kyles v. U.S., 2015 WL 1782607 *2 (D.Minn. 2015) (citing Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013); Reyes-Requena v. U.S., 243 F.3d 893, 904 (5th Cir. 2001); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)).

Rodgers already had an opportunity to make the claims he makes here; his "failure to seize that opportunity does not render § 2255 inadequate or ineffective." Abdullah, 392 F.3d at 963. Despite his burden, Rodgers does not claim that the savings clause applies to his case nor can the Court find support for such a claim in his petition. Rodgers already had an opportunity

to raise his current claims for relief; he is therefore barred from bringing those claims in a § 2241 habeas corpus petition.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. Rodgers is precluded from seeking relief under § 2255, however, because he has already done so once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the appropriate Circuit Court of Appeals. 28 U.S.C. §§ 2244(b)(3) and 2255(h). It would, therefore, be inappropriate to construe the present habeas corpus petition as a § 2255 motion, and transfer the matter to the Western District of Michigan where Rodgers was convicted and sentenced.

Because Rodgers has not claimed or shown that § 2255 is inadequate or ineffective to test the legality of his detention, this Court recommends that his § 2241 petition be denied without prejudice for lack of jurisdiction. The Court also recommends that Rodgers's pending application to proceed *in forma pauperis* (ECF No. 2) be denied as moot.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Petitioner Rodgers' application for habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF No. 1) be DENIED without prejudice for lack of jurisdiction;

2. Petitioner Rodgers's application to proceed *in forma pauperis* (ECF No. 2) be DENIED as moot.

Dated: May 2, 2017                   s/ *Steven E. Rau*
                                                       Steven E. Rau
                                                       U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement for 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.